**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**
Jeffrey A. Moerdler
John H. Bae
Kaitlin R. Walsh
666 Third Avenue
New York, New York 10017
P: (212) 935-3000
Email: jamoerdler@mintz.com
Email: jhbae@mintz.com
Email: krwalsh@mintz.com

*Attorneys for Spitzer Engineering LLC*

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: § § STEPHANIE ENTELES-DUVAL § § DEBTOR, § § §  SPITZER ENGINEERING LLC, § § PLAINTIFF, § v. § § STEPHANIE ENTELES-DUVAL, § § DEFENDANT. § § | Case No. 14-22422 (RDD)  Adversary No. 14-_____ (RDD) |

COMPLAINT OBJECTING TO DISCHARGE

I.    **INTRODUCTION**

1.    Pursuant to 11 U.S.C. § 523(a)(4), by this Complaint, Spitzer Engineering LLC (the "Plaintiff") objects to the discharge of the chapter 7 debtor, Stephanie Enteles-Duval (the "Debtor") on the grounds that the Debtor obtained funds from the Plaintiff by embezzlement and/or larceny while in the Plaintiff's employ.

## II.   PARTIES

2. Plaintiff is a creditor in these proceedings.

3. Defendant is an individual who, upon information and belief, resides at 106 Maple Street, Croton on Hudson, New York, 10520.

## III.   JURISDICTION

4. This adversary proceeding is brought in connection with a case currently pending under chapter 7, title 11 of the United States Code (the "Bankruptcy Code"), entitled *In re Stephanie Enteles-Duval*, Case No. 14-22422 (RDD), commenced on April 4, 2014.

5. This adversary proceeding is commenced pursuant to 11 U.S.C. § 523 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 4007 and 7001.

6. This Court has jurisdiction under 28 U.S.C. §§ 157, 1332.

7. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

8. Venue is proper in this Court under 28 U.S.C. § 1409 as the Debtor's chapter 7 case is pending in this judicial district.

## IV.   FACTUAL ALLEGATIONS

9. The Debtor was employed by the Plaintiff between August 11, 1997 and April 27, 2010 (the "Employment Period").

10. Following the Debtor's resignation, the Plaintiff discovered that the Debtor was engaged in a scheme where she issued fraudulent checks from Plaintiff accounts made payable to herself in the aggregate amount of $1,450,969.90 (the "Funds") during the Employment Period and altered the Plaintiff's records to conceal the fraud.

2

11. Following the Plaintiff's discovery of the missing Funds, the Plaintiff, through its counsel, conducted an investigation into the missing Funds.

12. The Debtor voluntarily acknowledged that she fraudulently took the Funds and altered the Plaintiff's records to conceal the fraud.

13. The Plaintiff and the Debtor entered into the attached *Settlement Agreement and General Release*, dated July 20, 2011 (the "Settlement Agreement") in order to resolve the matter.

14. Pursuant to the Settlement Agreement, the Debtor agreed to repay the Funds pursuant to a payment plan contained therein.

15. The Debtor repaid $154,402.06 of the Funds to the Plaintiff.

16. Accordingly, the Debtor owes the Plaintiff $1,296,567.84 pursuant to the Settlement Agreement (the "Remaining Debt").

17. The Remaining Debt is nondischargeable pursuant to section 523(a)(4) of the Bankruptcy Code as it was procured by embezzlement and/or larceny.

18. As evidenced by the *Amended Schedule F* filed by the Debtor on April 30, 2014 [Docket No. 7] ("Amended Schedule F"), the Debtor does not dispute the Remaining Debt, nor the nondischargeability thereof. For the avoidance of doubt, the Plaintiff commences this adversary proceeding to confirm the Remaining Debt's nondischargeability.

V. **CLAIM FOR RELIEF**

19. The Plaintiff repeats and re-alleges all allegations set forth in each preceding paragraph of the Complaint as though set forth fully again in support of this claim for relief.

20. The Plaintiff seeks entry by this Court of an order determining that the Plaintiff's claim for the Remaining Debt is nondischargeable pursuant to section 523(a)(4) of the Bankruptcy Code.

21. The Plaintiff intends to negotiate a stipulation with the Debtor in order to resolve this adversary proceeding, and will submit to this Court a proposed order related thereto.

## VI.    PRAYER FOR RELIEF

The Plaintiff respectfully requests that this Court enter judgment in determining that the Remaining Debt is nondischargeable pursuant to section 523(a)(4) of the Bankruptcy Code.

Date: June 11, 2014
　　　New York, New York

　　　　　　　　　　　　　　　　　　　　By: */s/ John H. Bae*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Jeffrey A. Moerdler
John H. Bae
Kaitlin R. Walsh
666 Third Avenue
New York, New York 10017
P: (212) 935-3000
Email:  jamoerdler@mintz.com
Email:  jhbae@mintz.com
Email:  krwalsh@mintz.com

*Attorneys for Spitzer Engineering, LLC*